ORIGINAL

# In the United States Court of Federal Claims

No. 15-394
Pro Se
(Filed: April 29, 2015)

FILED
APR 29 2015
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| DARIUS MACLIN, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Tucker Act; 28 U.S.C. § 1491; Lack of Subject Matter Jurisdiction; RCFC 12(b)(1); Pro Se Plaintiff; In Forma Pauperis. |

## OPINION AND ORDER

**Kaplan, Judge.**

Before the Court is a complaint filed by Darius Maclin, appearing pro se. Mr. Maclin is an inmate at the Eastern New York Correctional Facility in Napanoch, NY, part of the New York state prison system. Compl. at 1. Plaintiff names the following as defendants in his complaint: Department of Corrections and Community Supervision Eastern New York Correctional Facility, Sergeant Vanacore and three unnamed correction officers ("CO"). Id. at 4. According to Mr. Maclin, he "was beatup by 3 CO's," a sergeant, and "1 escort CO" in retaliation for filing a grievance against a staff member/CO for whom he had worked. Id. at 2. During the altercation that took place in his cell, plaintiff claims his "food/junk food and personal property . . . such as cassette player/headphones and cloth" were "ripped or thrown out!" Id. In addition to the damage to his property, plaintiff alleges that "he was punched in the back of [his] head, rib, back [and] shoulder" while he was handcuffed. Id. According to plaintiff, the officers informed him that he was being punished because he had engaged in inappropriate behavior when a female officer walked by. Id. Following the incident, he was placed in isolation. Id.

Plaintiff claims that he is in fear for his life because he "was threatened to be killed if [he] get[s] out of" isolation. Id. He further claims that prison administrators denied his request for protected custody. Id. According to plaintiff, he is due to be released from isolation on May 3, 2015 and released from prison later this year and he "fear[s] [he'll] be killed by these corrupt officers." Id.

Plaintiff states that he is hard of hearing and that his rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., were violated. Id. Plaintiff seeks

damages in the amount of $150,000 for pain and suffering and $20,000 in reimbursement for the property that was damaged during the alleged assault by correction officers. Id.

Plaintiff has also filed a request to proceed in forma pauperis. To proceed in forma pauperis, a prisoner must submit an affidavit that includes a list of all of his assets, a declaration that he is unable to pay the fees or give the security for an attorney, and a statement of the nature of his action and his belief that he is entitled to judgment and a certified copy of their trust fund account statement. 28 U.S.C. § 1915(a) (2012). Here, plaintiff satisfied these requirements, and the Court therefore grants his application to proceed in forma pauperis.

## DISCUSSION

Pleadings by a pro se plaintiff are generally held to a "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Because Mr. Maclin is proceeding pro se, he is entitled to a liberal construction of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the "leniency [afforded to a pro se litigant] with respect to mere formalities" does not permit a court to "take a liberal view of. . . [a] jurisdictional requirement and set a different rule for pro se litigants." Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act affords this Court jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Here, however, plaintiff's claims are against non-federal defendants. Further, plaintiff's complaints of violations of the ADA are also outside the Court's jurisdiction as federal district courts have exclusive jurisdiction over ADA claims. 42 U.S.C. § 12133; see McCauley v. United States, 152 F.3d 948 (1998) (affirming holding that Court of Federal Claims lacked jurisdiction over an ADA claim because district courts have exclusive jurisdiction over such claims).

Indeed, it appears to the Court that plaintiff's action may have been filed with this Court in error. The caption of plaintiff's complaint names the State of New York Court of Claims and appears to be a Notice of Intention to File a claim addressed to the Attorney General of the State of New York as required by that jurisdiction's statutes. See NY CT CLMS § 10 (providing that State of New York Court of Claims has jurisdiction over claims by correctional facility inmates for injury to or loss of personal property so long as "the inmate has exhausted the personal property claims administrative remedy, established for inmates by the department").

In any event, jurisdiction over plaintiff's complaint does not lie here. For that reason, the Court dismisses the complaint, sua sponte, pursuant to RCFC 12(h)(3).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** plaintiff's motion to proceed in forma pauperis and **DISMISSES** plaintiff's complaint without prejudice for lack of jurisdiction. The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge